**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GENE LANCASTER, | No. 11-17332 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00051-LKK-GGH |
| v. | |
| TOM L. CAREY, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Defendants appeal from the district court's denial of their motion for

summary judgment based on qualified immunity in David Gene Lancaster's 42

U.S.C. § 1983 action alleging that prison officials retaliated against him for serving

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

as a witness to a sexual misconduct complaint filed against a prison staff member.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007), and we affirm.

The district court properly denied qualified immunity at this stage of the proceedings because, assuming that Lancaster's version of the facts is true, defendants' retaliation would constitute a violation of clearly established law and a reasonable official would not have believed his conduct was lawful. *See Jeffers v. Gomez*, 267 F.3d 895, 903, 910 (9th Cir. 2001) (per curiam) (explaining that "[w]here disputed facts exist . . . we can determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by the non-moving party is correct" and stating test for qualified immunity); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (recognizing that "the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes").

To the extent that defendants challenge the sufficiency of evidence supporting the district court's conclusion that an issue of fact remains as to whether defendants' actions were retaliatory, we lack jurisdiction to review that issue. *See Jeffers*, 267 F.3d at 903.

11-17332

We do not consider on appeal materials that were not before the district court.

**AFFIRMED.**